IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTROSAN DENTAL PRODUCTS, INC.     *

          Plaintiff          *

      vs.                      *    CIVIL ACTION NO. MJG-09-3111

DENTSPLY TULSA DENTAL, LLC,         *
et al.
         Defendants          *

*     *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

The Court has before it Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [Document 67] and the materials submitted related thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   <u>BACKGROUND</u>[1]

At all times relevant hereto, Defendants, Dentsply Tulsa Dental, LLC and its parent, Dentsply International Inc. (collectively "Dentsply"), have been engaged in the business of manufacturing and marketing dental products.

Plaintiff, Introsan Dental Products, Inc. ("Introsan") initially pleaded:

      INTROSAN was and is a <u>would-be</u>
      <u>competitor</u> of DENTSPLY which, via the

---

[1] The "facts" herein are set forth as alleged by Plaintiff.

> innovations of one of its principals Dr.
> David Gibbs, owns various patents to
> intraosseous anesthetic delivery systems.

Compl. ¶ 12, ECF No. 1 (emphasis added).

However, in the Third Amended Complaint, Introsan transforms its relationship vis-à-vis Dentsply from "would-be" to actual competitor, stating:

> INTROSAN was and is a competitor of
> DENTSPLY which, via the innovations of one
> of its principals Dr. David Gibbs ("Dr.
> Gibbs"), owns various patents to
> intraosseous anesthetic delivery systems.[2]

Third Am. Compl. ¶ 11, ECF No. 62.

Introsan filed the instant case as a "qui tam" false marking action, pursuant to 35 U.S.C. § 292, seeking half of any fine that would be imposed on Dentsply.  After the case proceeded through the 478-paragraph, 100-page Second Amended Complaint [Document 47], the Leahy-Smith America Invents Act

---

[2] The Third Amended Complaint also states in ¶ 11:

> In addition to owning patents in the dental
> anesthetic arts, INTROSAN, during times relevant to
> this complaint, engaged in research and development of
> dental anesthetic devices and produced and tested
> prototypes of such devices for the purpose of entering
> the commercial market place. Additionally, Dr. Gibbs
> and other members of INTROSAN developed technologies
> related to dental implants, endodontic files, dental
> protective wear, and other dental anesthesia and
> medicine delivery related technologies. Additional
> patents were applied for and obtained in these
> technologies.

Third Am. Compl. ¶ 11.

("AIA")[3] was passed, retroactively amending 35 U.S.C. § 292.
Therefore, Introsan filed the 430-paragraph, 92-page Third
Amended Complaint, presenting 51 counts[4] asserting claims labeled
"False Advertising and False Patent Marking."  The claims are
based upon Dentsply's identifying, in regard to a number of its
products, patents that had expired or did not have a claim that
would cover the product.

By the instant motion, Dentsply seeks dismissal of all
claims, primarily[5] pursuant to Rule 12(b)(6)[6] for failure to
state a viable claim.


II.  <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Federal Rule of Civil
Procedure 12(b)(6) tests the legal sufficiency of a complaint.
A complaint need only contain "a short and plain statement of
the claim showing that the pleader is entitled to relief, in
order to give the defendant fair notice of what the ... claim is
and the grounds upon which it rests."  <u>Bell Atl. Corp. v.
Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  When

---

[3] Pub. L. No. 112-29, § 16(b), 125 Stat. 284, 329 (2011).
[4] The Third Amended Complaint labels each count as a "Cause of Action."
[5] The Court finds Dentsply's Rule 8 and 9 contentions immaterial and finds its jurisdictional contentions to warrant no more than a minor discussion.
[6] All Rule references herein are to the Federal Rules of Civil Procedure.

evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  Id.  A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. DISCUSSION

In the Third Amended Complaint, Introsan seeks to restate claims made under the prior version of § 292 as being made, in the alternative, either under the current version or for false

advertising under the Lanham Act.  The essence of all claims, however, is that Dentsply marked, affixed, or used a false patent identification in regard to its products.

Two counts, Counts 1 and 32, are based only upon what is referred to herein as "Scope Claims."  That is, claims based on the identification of a patent or patents relating to a product that "is not covered by at least one claim of each patent with which the article is marked."  <u>Clontech Labs., Inc. v. Invitrogen Corp.</u>, 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Six Counts[7] are based upon both Scope Claims and what are referred to herein as "Expired Patent Claims."  These are claims based on the identification of a patent or patents that have expired. The remaining forty-three counts[8] are based solely upon Expired Patent Claims.

A.   <u>False Marking Claims</u>

Title 35 § 292, as amended by the Leahy-Smith America Invents Act, provides in pertinent part:

> (a) Whoever . . . marks upon, or affixes to, or uses in advertising . . . [a false patent identification] . . . -
>
> . . . .

---

[7] Counts 18, 23, 25, 31, 39, and 41.
[8] There is no Count 14.

Shall be fined not more than $500 for every
such offense.

Only the United States may sue for the
penalty authorized by this subsection.

Only the United States may sue for the
penalty authorized in this subsection.

(b) A person who has suffered a competitive
injury as a result of a violation of this
section may file a civil action in a
district court of the United States for
recovery of damages adequate to compensate
for the injury.

(c) The marking of a product, in a manner
described in subsection (a), with matter
relating to a patent that covered that
product but has expired is not a violation
of this section.

U.S.C. 35 § 292.


1.   Constitutional Contentions

     a. The Fourteenth Amendment

     Introsan contends that the retroactive aspect of the

amendment to § 292 is violative of its due process rights under

the Fourteenth Amendment.

     The only provision in the Fourteenth Amendment that relates

to due process states:

          No State shall make or enforce any law which
          shall abridge the privileges or immunities
          of citizens of the United States; nor shall
          any State deprive any person of life,
          liberty, or property, without due process of
          law; nor deny to any person within its

> jurisdiction the equal protection of the
> laws.

U.S. CONST. amend. XIV, § 1 (emphasis added).

The Leahy-Smith America Invents Act is a federal, not a
state, statute.   Hence, there appears to be no reasonable basis
for Introsan's Fourteenth Amendment contention.


### b.   Other Constitutional Contentions

Introsan makes other constitutional contentions based upon
provisions that are applicable to federal legislation.   However,
a panel of the United States Court of Appeals for the Federal
Circuit recently rejected a constitutional challenge to the
retroactive amendment of § 292.   Rogers v. Tristar Products,
Inc., Nos. 2011-1494 and 2011-1495, 2012 WL 1660604 (Fed. Cir.
May 2, 2012) (non-precedential).

Introsan presents no reason why the Court should not follow
the Rogers court's rationale.   Thus, the Court rejects
Introsan's constitutional challenges.


### 2.   The Jurisdictional Defense

Dentsply contends that, by virtue of the amendment of 35
U.S.C. § 292, the Court lacks jurisdiction over Introsan's
claims under that section.

It suffices to state that the amendment's elimination of certain types of claims does not oust the federal courts of jurisdiction over claims that could properly be asserted by virtue of that section.

3.   <u>Statutory Construction – Expired Patents</u>

Introsan presents false marking claims based upon expired patents in 49 counts.[9]  Dentsply contends that all of these claims are statutorily barred.  Introsan disagrees.

The parties present an academically interesting, but moot, statutory construction issue.

Section 292(a) is violated if one "marks upon, or affixes to, or uses in advertising" a false patent identification. However, Section 292(c) states:

> (c) The marking of a product, in a manner
> described in subsection (a), with matter
> relating to a patent that covered that
> product but has expired is not a violation
> of this section.

Introsan contends that § 292(c) blocks an Expired Patent Claim only with regard to "marking."  Thus, Introsan argues, an Expired Patent Claim under § 292 remains viable against one who "affixes to, or uses in advertising" a false patent

---

[9] Six of these counts also involve a contention that an identified patent did not "read on" the marked product.

identification.  Dentsply contends that the word "marking" in Section 292(c) should be read to include all acts of "mark[ing] upon," or "affix[ing] to," and "us[ing] in advertising."

There appear to be reasonable arguments on both sides of the issue.  If the Court were to reach the issue, it would hold for Dentsply although the matter is not free from doubt.  However, as discussed herein, Introsan has failed adequately to plead any competitive injury that would render viable any of its § 292 claims.  Hence, even if the Court were to accept Introsan's statutory construction, it would nevertheless dismiss all of its § 292 claims.

### 4.  Competitive Injury

The viability of all of Introsan's § 292 claims are dependent upon an adequate pleading that Introsan "suffered a competitive injury as a result of a violation of" § 292. 35 U.S.C. § 292(b).  Introsan has not pleaded factual allegations establishing a plausible claim of competitive injury.

Of course, Introsan's statement in the Third Amended Complaint that it "was and is a competitor of Dentsply" is inconsistent with the statement in the Complaint that it "was and is a would-be competitor of Dentsply."  Compare Third Am. Compl. ¶ 11 with Compl. ¶ 12 (emphasis added).  However, it is

not the inconsistency[10] but the totally conclusory nature of the statement that renders it inadequate.

The factual allegations purportedly supporting the competitive injury contention amount to allegations that Introsan <u>owns patents, engages in research and development, and tests prototypes</u> in the field in which Dentsply <u>manufactures and markets dental products</u>.   Third Am. Compl. ¶ 11.

The allegation of competitive injury to Introsan is:

> By way of copying INTROSAN's patented intraosseous anesthesia delivery systems, and by falsely marking and advertising certain of its products (e.g., including false marking related literature and labeling) as patented by certain patents, when they were not, DENTSPLY has caused significant and permanent harm to INTROSAN.

Third Am. Compl. ¶ 12.

The Court will assume that the aforesaid statement can be read as contending that there was harm due to false marking alone and not due to some kind of "copying" action. Nevertheless, the allegation of competitive injury is totally conclusory and manifestly inadequate.

Two recent district court decisions present situations analogous to the instant case.

---

[10] As could be the case in a summary judgment context. <u>See</u> <u>Halperin v. Abacus Tech. Corp.</u>, 128 F.3d 191, 198 (4th Cir. 1997)(noting that in a summary judgment context, a party cannot create an issue of fact by presenting conflicting versions of its own testimony).

In McCabe v. Floyd Rose Guitars, No. 10CV581 JLS (JMA), 2012 WL 1409627, at *7 (S.D. Cal. Apr. 23, 2012), the plaintiff owned pertinent patents but did not directly compete with the defendant guitar manufacturer.  The "bare-bone allegations that [the plaintiff] was unable to procure licenses 'at least in part' due to [the defendant's] false marking" was insufficient. Id.  Introsan does not even make "bare-bone" allegations rising to the level of those rejected in McCabe.

Advanced Cartridge Techs. LLC v. Lexmark Intern., Inc., No. 8:10-cv-486-T-23TGW, 2011 WL 6719725, at *3-5 (M.D. Fl. Dec. 21, 2011) is another false marking suit by a patent owner who did not directly compete with the defendant manufacturer.  Although speaking in terms of a lack of standing, the court stated, "even if [the patent owner plaintiff] could prove lost licensing money because of false marking by [the defendant], the harm is still too derivative or indirect to support prudential standing."  Id. at 5.

Certainly, some courts have recognized that there can be a presumption of competitive injury in a false marking case where the plaintiff and defendant are competitors.  See Ira Green, Inc. v. J.L. Darling Corp., No. 3:11-cv-05796-RJB, 2011 WL 6218146 (W.D. Wash. Dec. 5, 2011); Fasteners for Retail Inc. v. Andersen, No. 11 C 2164, 2011 WL 5130445 (N.D. Ill. Oct. 28,

2011).  However, Introsan does not plead facts that render it plausible that Dentsply could be considered a competitor for any pertinent purpose.

Moreover, even when the § 292 claimant and defendant are competitors, that fact alone does not create a plausible claim of competitive injury.  For example, in Fisher-Price v. Kids II, Inc., No. 10-CV-00988A(F), 2011 WL 6409665, at *10 (W.D.N.Y. Dec. 21, 2011), the court dismissed a § 292 counterclaim brought by an actual competitor of the false marker.  Id.  The court held that, the § 292 claimant has not "alleged sufficient facts making it plausible to find [the false marker's] alleged mismarking has resulted in [the § 292 claimant] suffering a competitive injury . . . ."  Id.

The Court finds that Introsan has failed to plead facts presenting a plausible claim that it suffered a "competitive injury" as that term is used in § 292.  Accordingly, all § 292 claims shall be dismissed.

B. False Advertising Claims

In each Count, Introsan adds to its false marking claim a Lanham Act claim for false advertising.  To establish a Lanham Act false advertising claim, a plaintiff must prove that:

>     (1)  the defendant made a false or misleading
>          description of fact or representation of fact in

> a commercial advertisement about his own or
> another's product;
>
> (2)   the misrepresentation is material, in that it is
>        likely to influence the purchasing decision;
>
> (3)   the misrepresentation actually deceives or has
>        the tendency to deceive a substantial segment of
>        its audience;
>
> (4)   the defendant placed the false or misleading
>        statement in interstate commerce; and
>
> (5)   the plaintiff has been or is likely to be injured
>        as a result of the misrepresentation, either by
>        direct diversion of sales or by a lessening of
>        goodwill associated with its products.

PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 120

(4th Cir. 2011) (citing Scotts Co. v. United Indus., 315 F.3d

264, 272 (4th Cir. 2002)).

The Court will assume, without deciding, that Introsan has

pleaded adequately each of the first four elements of a Lanham

Act claim.  Introsan does not, however, allege facts that

support any plausible claim as to the fifth element.  That is,

Introsan does not present factual allegations that render

plausible a claim that it has been or is likely to be injured

"either by direct diversion of sales or by a lessening of

goodwill associated with its products."  Id.

Accordingly, the Court shall dismiss all Lanham Act claims.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion to Dismiss Plaintiff's Third
   Amended Complaint [Document 67] is GRANTED.

2. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Friday, July 20, 2012</u>.


                                _____/s/_____
                                 Marvin J. Garbis
                              United States District Judge